GLENMARK, INCORPORATED, et al., Respondents, v. CHESTER CARITY, Appellant, et al., Defendant.

First Department, October 9, 1962.

*Joseph Zalk* of counsel (*Zalk & Hayashi,* attorneys), for appellant.

*Charles Gottlieb* of counsel (*Gottlieb & Schiff,* attorneys), for respondents.

*Per Curiam.* Plaintiff is conducting an examination before trial of defendant Carity. In the course of the examination, the court became convinced that proper conduct of the examination required the appointment of a Referee, and an order so providing was entered without objection. The order provided that the Referee was to have the same powers as if the examination were taken before a Justice of the court. In the course of the examination certain questions were objected to. The Referee directed that these were to be passed upon by the court, but later, as to some of them, he directed the witness to answer. Upon advice of his counsel, the witness refused. Plaintiff then moved to punish him for contempt. The court found him guilty of contempt, fined him $100, and, if the fine was not paid, ordered that he be imprisoned. The order further directed the questions to be answered and that the examination continue. While the notice of appeal purports to question all provisions of the order, only those finding the defendant in contempt and punishing him therefor have been urged to be erroneous.

Punishment for contempt consisting of disobedience to a mandate of the court depends on the existence of such a mandate. This applies to a direction in connection with an examination before the trial (*Zirn* v. *Bradley,* 284 N. Y. 321). It is indisputable that a refusal to answer a question which has been objected to does not become contemptuous until there has been an adverse ruling on the objection. Then, if the witness understands that he is to answer and he refuses, his refusal flouts the mandate of the court. Here, the court made no ruling prior to the adjudication of contempt, unless the purported ruling of the Referee is to be deemed a ruling of the court.

Respondent relies on the words of the order appointing the Referee to support its contention that the Referee had the power to overrule objections and direct answers to the questions. The difficulty with that position is that the court may not delegate that power. Rule 129 of the Rules of Civil Practice provides that: "In an examination within the state before a person other than a judge of the court, if a witness refuses to answer a question, such refusal may be reported to the court or judge, who shall determine if the witness should answer." Respondent concedes the force of the rule but claims it lacks application for two reasons, neither of which do we believe to be effectual. The first is that the rule refers to a witness, and the appellant here is a party. The application of the rule here is general and reference is to all depositions, including those wherein a party is a witness. The second is that by not appealing from the order and appearing on the examination, appellant consented to the delegation of power. Assuming, for the sake of argument, that jurisdiction to make a ruling the disobedience of which is punishable by contempt may be conferred by stipulation, the facts relied upon fall short of showing such consent. Had the defendant so consented, he would have waived a very substantial right. Such a waiver is not to be inferred from acts of doubtful import.

We conclude that so much of the order as finds defendant in contempt and punishes him therefor is erroneous. It does not follow that a finding of contemptuous conduct cannot be made in the absence of an express direction to answer. Where, as here, the court has found a Referee was essential to the orderly progress of the examination, a continuation of captious or disorderly conduct designed to nullify the effectiveness of the Referee's control of the proceeding, including, but not limited to, the iteration of frivolous objections and appeals to the court for rulings, would in itself be contemptuous and punishable — as would any conduct which had for its purpose the frustration of the examination. Here, however, the application to punish for contempt was not made on such grounds.

The order should be modified on the law and the facts by striking therefrom the first three ordering paragraphs and, as so modified, affirmed, without costs.

BOTEIN, P. J., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on May 24, 1962, so far as appealed from, unanimously modified on the law and the facts by striking therefrom the first three ordering paragraphs and, as so modified, is affirmed, without costs.